# UNITED STATES DISTRICT COURT
## for the
## Western District of North Carolina

FILED
2013 OCT -9 PM 2:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

| | |
|---|---|
| William G. Colson, Jr. & Dorothy R. Colson | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:12-CV-00123-FDW-DCK |
| Samson Hair Restoration, LLC. et al. | ) MC 13-00341 |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* __07/29/2013__.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: 9/23/13

CLERK OF COURT

_B Fichting_
*Signature of Clerk or Deputy Clerk*



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CV-00123-FDW-DCK

| | |
|---|---|
| WILLIAM G. COLSON, JR. & <br> DOROTHY R. COLSON, <br><br> Plaintiffs, <br><br> vs. <br><br> SAMSON HAIR RESTORATION, LLC, <br> GEOFFREY D. STILLER, MD, UPLIFT <br> COSMETIC SURGERY, LASER & <br> SKIN CENTER, PLLC, SAMSON <br> MEDICAL GROUP, PROFESSIONAL <br> CORORATION & SAMPSON <br> MEDICAL GROUP CORPORATION, <br><br> Defendants. | ORDER & <br> ENTRY OF JUDGMENT |

Certified to be a true and correct copy of the original. U.S. District Court Frank G. Johns, Clerk Western District of N.C. By: B. Feehlin Deputy Clerk Date 9/23/13

**THIS MATTER** is before the Court upon Plaintiffs' William G. Colson, Jr. and Dorothy R. Colson ("Plaintiffs'") Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (b)2. (Doc. No. 85). For the reasons set forth below, Plaintiff's Motion is GRANTED and Defendants Samson Hair Restoration, LLC ("Defendant Sampson Hair Restoration"), Samson Medical Group, Professional Corporation ("Defendant Sampson Medical Group") and Sampson Medical Group Corporation ("Defendant Sampson Medical Group Corporation") are hereby ORDERED to pay Plaintiffs $1,077,765.42. Furthermore, the Clerk's Office is directed to CLOSE THE CASE.

Plaintiffs originally filed this action in the District of South Carolina against Defendant Sampson Hair Restoration and Defendant Geoffrey Stiller, MD ("Defendant Stiller") on August 12, 2011. This case was transferred to the Western District of North Carolina on February 24, 2012. Plaintiffs filed a First Amended Complaint on April 4, 2012, (Doc. No. 45), and a Second

Amended Complaint on November 14, 2012. (Doc. No. 61). In the Second Amended Complaint, Plaintiffs added Defendants Uplift Cosmetic Surgery, Laser & Skin Center, PLLC ("Defendant Uplift"), Sampson Medical Group and Sampson Medical Group Corporation to the case. (Doc. No. 61). On January 14, 2013, Defendants Stiller and Uplift filed an Answer to Plaintiffs' Second Amended Complaint and Crossclaim against Defendants Samson Hair Restoration, Samson Medical Group, and Sampson Medical Group Corporation. (Doc. No. 75). The claims between Plaintiff and Defendants Stiller and Uplift were settled and those claims were dismissed on June 9, 2013. (See Doc. No. 80). Defendants Stiller and Uplift also filed a Notice of Voluntary Dismissal Without Prejudice dismissing their crossclaims against Defendants Samson Hair Restoration, Samson Medical Group, and Sampson Medical Group Corporation on June 11, 2013. (Doc. No. 83). On June 9, 2013, Plaintiffs sought an entry of default against Defendants Samson Hair Restoration, Samson Medical Group, and Sampson Medical Group Corporation, which was entered by the Clerk's Office on June 12, 2013. (See Doc. Nos. 81, 84). On June 15, 2013, Plaintiffs filed the present Motion against Defendants Samson Hair Restoration, Samson Medical Group, and Sampson Medical Group Corporation. (Doc. No. 85).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against a claim, and after the Clerk has entered default against such party, the opposing party is entitled to move for default judgment. See Fed. R. Civ. P. 55. While "'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover[,]'" Ryan v. Homecomings Fin. Network, 253 F.2d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)), "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation

is not denied." Fed. R. Civ. P. 8(b).

In Plaintiffs' Motion and attached exhibits, (Doc. No. 85), Plaintiffs seek $1,500,000.00. Plaintiffs provide a list of medical expenses amounting to $359,255.14, but, while Plaintiffs discuss Plaintiff William Colson's pain and suffering, Plaintiffs do not provide any specific reasons or evidence why the particular sum of $1,500,000 is appropriate.

The Court has reviewed the record and found sufficient basis in the pleadings for the entry of default judgment, to the extent that the Court finds that $359,255.14 is justified for medical expenses. The Court also finds that treble damages are appropriate in this instance for pain and suffering, in the total amount of $1,077,765.42. The Court does not, however, find that Plaintiffs have provided grounds for the Court to award the $1,500,000.00 that they have requested. As such, Plaintiffs' Motion is GRANTED and default judgment is entered against Defendants Samson Hair Restoration, Samson Medical Group, and Sampson Medical Group Corporation, but only to the extent that Defendants Samson Hair Restoration, Samson Medical Group, and Sampson Medical Group Corporation, are ORDERED to pay Plaintiffs $1,077,765.42.

IT IS THEREFORE ORDERED that Plaintiffs' Motion (Doc. No. 85) is GRANTED. Default judgment is hereby entered against Defendants Samson Hair Restoration, Samson Medical Group, and Sampson Medical Group Corporation. Defendants Samson Hair Restoration, Samson Medical Group, and Sampson Medical Group Corporation, are hereby ORDERED to pay Plaintiffs $1,077,765.42. The Clerk's Office is also directed to CLOSE THE CASE.

Signed: July 29, 2013

IT IS SO ORDERED.

Frank D. Whitney
Chief United States District Judge

3